**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **FOCUS BRIDGE HI COLISEUM LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Cause No. 1:24-cv-00168-HAB-SLC** |
| ) | |
| **HOLIDAY HOSPITALITY** ) | |
| **FRANCHISING LLC,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**OPINION AND ORDER**</u>

Ripe before the Court in this breach of contract action is a Motion to Change Venue under 28 U.S.C. § 1404(a) filed by Plaintiff Focus Bridge Hi Coliseum LLC ("Focus"). Focus seeks transfer to the United States District Court for the Northern District of Georgia pursuant to the forum selection clause in a 2020 Licensing Agreement between Focus and Defendant Holiday Hospitality Franchising LLC ("HHF"). Focus objects, contending that the forum selection clause is not mandatory and that the factors to be analyzed under 1404(a) weigh towards keeping the litigation in the Northern District of Indiana. For the reasons discussed below, the Court finds that transfer is warranted.

**I.   RELEVANT BACKGROUND**

On May 6, 2020, the parties executed a fifteen-year term Licensing Agreement ("Agreement") wherein Focus obtained a license to operate certain property located in Fort Wayne, Indiana as a Holiday Inn hotel ("Property"). (ECF 7 at 3). §14(B)(1) of the Agreement includes a clause entitled "Binding Effect, Choice of Law No Jury Trials, No Punitive Damages and IHG's[1] Right to Injunctive Relief". (ECF 11-2 at 24). That clause indicates that Georgia law

---

[1] IHG is referred to as HHF in this Opinion.

governs disputes between the parties concerning the Agreement. (*Id*.). That clause also states the following regarding venue and jurisdiction:

> Licensee hereby expressly and irrevocably submits itself to the non-exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia for the purpose of any and all disputes. However, IHG remains entitled to seek injunctive relief in the federal or state courts either of Georgia or of the state of the Hotel's Location or of IHG's principal place of business. Should Licensee initiate litigation against IHG, its parents, subsidiaries or one of its affiliated entities, Licensee must bring such action in the courts identified above[.] (Referred to herein as "Agreement's Venue and Jurisdiction Clause").

(ECF 7 at 3). The underlying action stems from a disagreement between the parties regarding the issue as to what damages are owed to HHF upon Focus's decision to sell its interest in the Property to a third party without HHF's consent. (ECF 3 at 6). The parties are in contention as to whether a liquidated damages clause in the Agreement governs the dispute, causing Focus to file suit in the Allen Superior Court for relief. (ECF 3; ECF 7 at 4). The state action was subsequently removed by HHF to this Court. (ECF 1).

HHF then filed the instant transfer motion on May 3, 2024, arguing that transfer to the Northern District of Georgia is appropriate 1) in accordance with the Agreement's "mandatory forum selection clause" and 2) under 28 U.S.C. § 1404(a). (ECF 7 at 4) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 49 (2013)).

Subsequently, on May 17, 2024, Focus filed a brief in opposition to HHF's motion to transfer, contending that the Northern District of Indiana is a permissible district for litigation because 1) the Agreement's Venue and Jurisdiction Clause is not a mandatory forum selection clause and that

2) the 28 U.S.C. § 1404(a) factors[2] do not support transfer of venue to the Northern District of Georgia. (ECF 11 at 3).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) states that in a federal civil case "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert[,] . . . by motion[,] improper venue" as a defense. Fed. R. Civ. P. 12(b)(3). In evaluating such a motion, "reasonable inferences from the facts should be construed in the Plaintiff's favor[,]" *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014), and the Court "may look beyond the bare allegations of the complaint . . . ." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016).

## III.   ANALYSIS

28 U.S.C. § 1404(a), otherwise known as forum non conveniens, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707 (7th Cir. 2020). The Supreme Court added a pertinent exception to the change of venue analysis, stating, "[t]he calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Atl. Marine* 571 U.S. at 49. In such a case, the forum selection clause should be "given controlling weight in all but the most exceptional cases." *Id.*

---

[2] The Supreme Court has noted that "[f]actors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' (citation omitted). Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.' (citation omitted). The court must also give some weight to the plaintiffs' choice of forum." (citation omitted). *Atl. Marine Constr. Co. v. United States Dist. Court,* 571 U.S. 49, 62 n.6 (2013).

> In such a case, the parties have expressed their own interests in the agreed-to provision, and the court should not consider arguments about the parties' private interests and must deem the private-interest factors to weigh entirely in favor of the preselected forum. (citations and quotations omitted). That leaves only the public interest factors, which will rarely defeat a transfer motion, with the practical result that forum-selection clauses should control except in unusual cases. (citations and quotations omitted).

*Davis v. Frontiersmen, Inc*., No. 2:23CV108-PPS/JPK, 2023 U.S. Dist. LEXIS 147151, at *3 (N.D. Ind. Aug. 22, 2023).

The Court takes a brief pause in its analysis of the Agreement's Venue and Jurisdiction Clause to answer the procedural issue of which law governs the validity of the forum selection clause in question. *See e.g., id.* at *3-9 (addressing the issue of which law governs the forum selection clause before concluding the forum non conveniens analysis). The Supreme Court has not clarified, which law governs when "a federal court, sitting in diversity, evaluates a forum selection clause in the absence of a controlling federal statute." *Jackson,* 764 F.3d at 774 (quoting *Wong v. PartyGaming Ltd*., 589 F.3d 821, 826 (6th Cir. 2009)). Yet, the Seventh Circuit has made clear that "[i]n contracts containing a choice of law clause . . . the law designated in the choice of law clause [is] used to determine the validity of the forum selection clause." *Jackson*, 764 F.3d at 775.

Here, the Agreement's Venue and Jurisdiction Clause indicates that Georgia law governs disputes between the parties concerning the Agreement. (ECF 7 at 8). Georgia law dictates that forum selection clauses "are prima facie valid and should be enforced unless the opposing party shows that such enforcement would be unreasonable under the circumstances." *Bunker Hill Int'l, Ltd. v. Nationsbuilder Ins. Servs., Inc.,* 309 Ga. App. 503, 506 (2011). Hence, the burden is on Focus to prove that the forum selection clause is invalid. *See id.* "A freely negotiated agreement

should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power" or "where the clause contravenes 'a strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision.'" *Id.* Neither party indicates that such mischief has taken afoot (ECF 7 at 8), and so the Court reasons that the Agreement's Venue and Jurisdiction Clause is valid and returns to its forum non conveniens analysis.

The crux of Focus's argument is that the Agreement's Venue and Jurisdiction Clause is merely a "non-exclusive jurisdiction clause"—not a mandatory forum selection clause—and that the 1404(a) factors do not support a transfer of venue to the Northern District of Georgia. (ECF 11 at 3). Focus's argument relies on contractual interpretation of the Agreement's Venue and Jurisdiction Clause that construes the forum selection clause as "permissive jurisdiction language" undermining any intended mandatory venue language on the part of HHF. (ECF 11 at 4). The Seventh Circuit confronted a similar forum selection clause, concluding that the forum selection clause's language was mandatory. *See IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 644 (7th Cir. 2022). The clause stated the following:

> This Agreement and the legal relations thus created between the parties hereto (including, without limitation, any dispute arising out of or related to this Agreement) shall be governed by and construed under and in accordance with the internal laws of the State of California without reference to its principles of conflicts of laws. Any such dispute will be heard and determined before an appropriate federal court located in the State of California in Alameda County, or, if not maintainable therein, then in an appropriate California state court located in Alameda County, and each party hereto submits itself and its property to the non-exclusive jurisdiction of the foregoing courts with respect to such disputes.

*Id.* at 639. The *Roston* court reasoned that the words "will be heard and determined before an appropriate federal court located in the State of California in Alameda County, or, if not

maintainable therein, then in an appropriate California state court located in Alameda County" functioned as a mandatory selection clause. *Id.* at 643.The court opined that "[t]he venue and forum are specified (both federal and state courts in a specific California county) with mandatory language ('will be heard')" *Id.*

Similarly, the third sentence of the Agreement's Venue and Jurisdiction Clause states that "Licensee *must bring* such action in the courts identified above"—wherein the courts in the first sentence are specified as "U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia." (ECF 7 at 3). Accordingly, the first sentence and the third sentence combine to identify the appropriate courts for Focus's venue selection purposes. Focus argues that the permissive language in the first sentence of the Agreement's Venue and Jurisdiction Clause is solely what the Court should use to determine whether a mandatory forum selection clause exists. (ECF 11 at 6-7.). Yet, the Seventh Circuit made clear "mandatory venue language can make forum selection mandatory regardless of additional permissive jurisdiction language." *Roston*, 44 F.4th at 644.

Focus also argues that this Court should not read the first and third sentences, as a whole, to identify the appropriate courts for venue purposes because there is some purported ambiguity in the clause's description of the appropriate courts. (ECF 11 at 12-16). Specifically, Focus contends that the second sentence, which states "IHG remains entitled to seek injunctive relief in the federal or state courts either of Georgia or *of the state of the Hotel's Location* or of IHG's principal place of business[,]" entitles Focus to bring this federal lawsuit in Indiana. (*Id*. at 13).

Georgia law dictates that when interpreting a contract "if the terms used are clear and unambiguous[,] they are to be taken and understood in their plain, ordinary, and popular sense." *Imaging Sys. Int'l v. Magnetic Resonance Plus,* 241 Ga. App. 762, 763 (2000). Consequently, it

appears "clear and unambiguous" that the Agreement's Venue and Jurisdiction Clause lists U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia as the sole courts for relief to be sought by Focus in disputes pertaining to the Agreement. *Id.* If the parties had intended to include the "Hotel's location" (Fort Wayne, Indiana) as a permissible or mandatory option for Focus, the parties would have so indicated in the Agreement. "[A]mbiguity is not to be created by lifting a clause or portion of the contract out of context (citation omitted), . . . [t]he natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover." *Payne v. Middlesex Ins. Co*., 259 Ga. App. 867, 869 (2003) (citation omitted).

To be sure, other federal courts have also identified the Agreement's Venue and Jurisdiction Clause as a mandatory forum selection clause. (ECF 11 at 7). Focus acquiesces to HHF's argument that at least four federal courts outside of the 7th Circuit have confronted the exact same language from the Agreement's Venue and Jurisdiction Clause in deciding that a mandatory forum selection clause existed between HHF and other parties. (*Id*.); *see e,g., Bensalem Lodging Assocs., LLC v. Holiday Hosp. Franchising, LLC,* 575 F. Supp. 3d 532, 540 (E.D. Pa. 2021) ("Taken as a whole, Plaintiff's obligations with respect to venue are contained in the first and third sentences. The second sentence provides an exception for injunctive relief applicable only to . . . (Defendant HHF).")

Having decided that a mandatory forum selection clause exists between the parties, the Court now turns to an analysis of the public interest factors associated with 1404(a). Usually, a forum non conveniens analysis "includes considering a plaintiff's preference in forum as well as

both private and public interest factors. But because the Agreement's forum selection clause is mandatory, the Supreme Court has narrowed [this Court's] review." *Roston*, 44 F.4th at 645.

> The public interest factors . . . include the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (citing *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). HHF notably argues to the Court that the median time interval from filing to disposition is 2 months faster in the Northern District of Georgia than the Northern District of Indiana and the median time interval from filing date to trial date is over 25 months faster in the Northern District of Georgia. (ECF 7 at 10; ECF 15 at 12). Yet, Focus does not contend, otherwise. Although Indiana does have some interest in this matter, given the Agreement concerns property situated in Indiana, this factor is balanced by the fact that Georgia law governs this case. The factor concerning the burden of this case to a jury is neutral as both jurisdictions arguably have citizens with some interest in hearing the case. Nevertheless, this case militates heavily in favor of transfer of venue to Georgia given the "controlling weight" of the forum selection clause and this Court's viewpoint that this case is not one of the "most exceptional cases" as noted by the Supreme Court *Atl. Marine* 571 U.S. at 49.

ACCORDINGLY:

Defendant HHF's Forum Non Conveniens Motion to Transfer (ECF 7) is GRANTED, and the case is TRANSFERRED to the United States District Court for the Northern District of Georgia.

SO ORDERED. Entered this 25th day of September 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge